44044. MILAM v. MISS GEORGIA DAIRIES, INC.

Submitted November 8, 1968—Decided December 5, 1968.

*Gilbert & Carter, Fred A. Gilbert, Warren S. Gritzmacher,* for appellant.

*Hicks, Eubanks & Scroggins, Frank W. Scroggins,* for appellee.

QUILLIAN, Judge. ■ The appellant contends that the appellee through the exercise of ordinary care should have discovered

the latent defect in the pressure gauge and its failure to do so was a violation of the provisions of *Code* § 66-301 which provides in part: "If there are latent defects in machinery, or dangers incident to an employment, unknown to the servant, of which the master knows or ought to know, he shall give the servant warning in respect thereto."

With this contention we cannot agree. The plaintiff by deposition testified in part that: he had washed the tank the day before and the gauge was working properly; all phases of the tank had always worked properly prior to the time of his injury; with visual observation he could not determine whether the gauge was working properly.

Willis Key, the chief engineer, stated in his affidavit that he was in charge of inspecting the machinery, and "to his knowledge" the gauge had not been inspected nor had any repairs been made on it. However, Palmer L. Holmes, the supervisor of the plant, stated in his affidavit that: at the time of the accident the gauge was working properly; that the same gauge was still being used on the date of the affidavit which was July 2, 1963; he had checked the gauge approximately three times a week both prior to and subsequent to the date of the plaintiff's injuries and had always found it to be in proper working order; he was the only person who had washed the tank for approximately eight or nine months after the date of the plaintiff's injuries and always found the pressure gauge to be working properly; he and the plaintiff are the only ones who have ever cleaned the tank.

In the case sub judice as in *Stewart v. Seaboard Air-Line R.*, 115 Ga. 624 (3) (41 SE 981) the appliance had worked properly a short time before the accident; on the day in question there was nothing to indicate why it could not be safely used; the cause of the defect in the appliance was not determined. In the *Stewart* case, supra, p. 628, it was held: "Taking the case as a whole, our conclusion is that the failure of the brakes to work on the day in question was not the result of any negligence on the part of the defendant company, but simply one of those unforeseen results sometimes occurring in the operation of machinery of this character, where the employer

was not at fault in reference to the machinery furnished, nor the employee at fault in reference to the manner in which he operated it on the particular occasion. It rather appears to have been an accident pure and simple, unmixed with negligence on the part of either the plaintiff or the defendant."

From the evidence submitted in support of the summary judgment in the present case it affirmatively appears that the defendant did not know of the latent defect in the pressure gauge nor should it have discovered the defect in the exercise of ordinary care. The trial judge did not err in granting the summary judgment as to the defendant Miss Georgia Dairies, Inc.

■ The appellant argues that his deposition should not be considered in connection with the motion for summary judgment because it was not introduced in evidence. This argument is without merit. The motion incorporated the deposition by reference. When a deposition is incorporated in a motion for a summary judgment by reference, it becomes a part of the motion that may be considered upon the hearing of the same and need not be introduced into evidence. *Passmore v. Truman & Smith Institute*, 117 Ga. App. 620 (1) (161 SE2d 323).

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*